Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David R. Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff NickerStickers, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICKERSTICKERS, INC., a Washington Corporation;<br><br>Plaintiff,<br><br>v.<br><br>TEESPRING, INC., a Delaware Corporation; and DOES 1-10;<br><br>Defendants. | Case No.:<br><br>PLAINTIFFS' COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT; AND<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff NICKERSTICKERS, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff, a corporation organized and existing under the laws of the State of Washington, is an art production company that specializes in creating and selling high quality vinyl decals bearing Plaintiff's original designs of horses, dogs, cats, farm

animals, and other small pets.  Plaintiff's unique and imaginative works have been misappropriated and incorporated into unauthorized apparel and consumer goods, which items are then marketed and sold to the public via Defendant Teespring Inc.'s website, www.teespring.com (the "Teespring Website").  Despite Plaintiff continuously reporting these acts of infringement to Defendant, Plaintiff's rights continue to be violated.  This action is brought to address the widespread and ongoing infringement of Plaintiff's rights in and to its original artworks.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. This Court has personal jurisdiction over Defendant Teespring, Inc. because Defendant has its principal place of business located in California.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which Defendant can be found.

## PARTIES

5. Plaintiff NICKERSTICKERS, INC. ("Plaintiff" or "NickerStickers") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 9138 Autumn Line Loop SE, Olympia, Washington 98513.

6. Plaintiff is informed and believes and thereon alleges that Defendant TEESPRING, INC. ("Teespring" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 77 Geary Street, 5th Floor, San Francisco, California 94108.

7. Plaintiff is informed and believes and thereon alleges that some of the Defendant Does 1 through 10, inclusive, are screen printers, manufacturers and/or

vendors of garments and consumer goods to Defendant, which Doe Defendants have printed, manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric and other consumer goods incorporating Plaintiff's copyrighted designs (as hereinafter defined),without Plaintiff's knowledge or consent, or, alternatively, have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendant Does 1-10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE ARTWORK

9. Prior to the conduct complained of herein, Plaintiff composed twenty-six original artworks for use in various industries, including the apparel and consumer goods industries. **Exhibit A** consists of exemplars of Plaintiff's artworks (hereinafter "Subject Artworks") along with a comparison image of the Teespring Website's infringing copy. The Subject Artworks are creations of Plaintiff and are, and at all relevant times were, owned in exclusivity by Plaintiff.

10. Plaintiff has obtained United States copyright registrations covering the Subject Artworks.

11. Prior to the acts complained of herein, Plaintiff marketed and sold product incorporating the Subject Artworks in the apparel and consumer goods industries.

12. Following this distribution of product bearing the Subject Artworks, Plaintiff's individual investigation revealed that Teespring had misappropriated the Subject Artworks, and was selling garments and other products, including without limitation mugs, tote bags, stickers, wall art, pillows, and cell phone cases bearing illegal reproductions and/or derivations of the Subject Artworks ("Infringing Product").

13. Plaintiff is informed and believes and thereon alleges that, without her authorization, Teespring and others, including certain Doe Defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed Infringing Product that bears artwork identical to or substantially similar to the Subject Artworks. Such Infringing Product includes, but is not limited to the garments and other consumer goods set forth *infra*.

14. It is apparent from the side-by-side comparisons of the Subject Artworks and the Infringing Products that the elements, composition, colors, arrangement, and appearance of the designs are substantially and/or strikingly similar. See Exhibit A for comparisons of Plaintiff's Subject Artworks and the Infringing Product as offered on the Teespring Website.

## COPYRIGHT REGISTRATIONS

15. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-930-264 for the work entitled "American Paint Horse Vector Art DC487" with an effective date of August 8, 2014.

16. NickerStickers is the owner of U.S. Copyright Registration No. VA-1-935-897 for the work entitled "Australian Shepherd Vector Art DC708" with an effective date of September 22, 2014.

17. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-936-843 for the work entitled "Beagle Dog Vector Art DC311" with an effective date of October 29, 2014.

18. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-963-313 for the work entitled "Black & White Cat Vector Art DC402" with an effective date of May 13, 2015.

19. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-960-915 for the work entitled "Bloodhound Vector Art DC757" with an effective date of May 13, 2015.

20. NickerStickers is the owner of U.S. Copyright Registration No. VA 2-091-020 for the work entitled "Bluegrass Banjo Donkey" with an effective date of July 19, 2017.

21. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-935-899 for the work entitled "Border Collie Head Vector Art DC857" with an effective date of September 22, 2014.

22. NickerStickers is the owner of U.S. Copyright Registration No. VA 2-091-240 for the work entitled "Border Collie Sitting Vector Art DC138" with an effective date of February 2, 2018.

23. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-935-898 for the work entitled "Border Collie Vector Art DC470" with an effective date of September 22, 2014.

24. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-961-466 for the work entitled "Dachshund Longhaired Vector Art DC338" with an effective date of May 13, 2015.

25. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-961-467 for the work entitled "Dachshund Sitting Smooth Vector Art DC337" with an effective date of May 13, 2015.

26. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-930-247 for the work entitled "English Mastiff Vector Art DC363" with an effective date of June 24, 2014.

27. NickerStickers is the owner of U.S. Copyright Registration No. VA 2-004-847 for the work entitled "German Shepherd Dog Head Vector Art DC917" with an effective date of April 11, 2016.

28. NickerStickers is the owner of U.S. Copyright Registration No. VA 2-004-848 for the work entitled "German Shepherd Dog Vector Art DC345" with an effective date of April 11, 2016.

29. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-930-265 for the work entitled "Goldendoodle Head Vector Art DC840" with an effective date of August 8, 2014.

30. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-931-005 for the work entitled "Goldendoodle Vector Art DC777" with an effective date of August 8, 2014.

31. NickerStickers is the owner of U.S. Copyright Registration No. VA 2-004-843 for the work entitled "Havanese Dog Vector Art DC353" with an effective date of April 11, 2016.

32. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-930-268 for the work entitled "Horse Head Horse Shoe Vector Art DC719" with an effective date of August 8, 2014.

33. NickerStickers is the owner of U.S. Copyright Registration No. VA 2-084-166 for the work entitled "Labrador Retriever Dog Vector Art DC359" with an effective date of October 2, 2017.

34. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-935-901 for the work entitled "Old English Sheepdog Vector Art DC955" with an effective date of September 22, 2014.

35. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-935-903 for the work entitled "Poodle Sitting Vector Art DC954" with an effective date of September 22, 2014.

36. NickerStickers is the owner of U.S. Copyright Registration No. VA 2-085-096 for the work entitled "Quarter Horse Vector Art DC740" with an effective date of November 28, 2017.

37. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-935-894 for the work entitled "Saint Bernard Vector Art DC377" with an effective date of September 23, 2014.

38. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-930-263 for the work entitled "Shih Tzu Vector Art DC651" with an effective date of June 24, 2014.

39. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-936-193 for the work entitled "Siberian Husky Vector Art DC386" with an effective date of September 23, 2014.

40. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-936-193 for the work entitled "Siberian Husky Vector Art DC386" with an effective date of September 23, 2014.

41. NickerStickers is the owner of U.S. Copyright Registration No. VA 1-930-244 for the work entitled "Smiling Pit Bull Vector Art DC281" with an effective date of September 23, 2014.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

42. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1 through 41 of this Complaint.

43. The exemplars pictured in Exhibit A annexed to this Complaint are non-inclusive, and allegations and claims made herein are made as to any and all uses, exploitations, and product that incorporate or bear the Subject Artworks.

44. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Artworks including, without limitation, through access to (a) Plaintiff's web pages on other "print-to-order" websites, including without limitation Amazon.com; (b) Plaintiff's website and/or design libraries; and/or (c) products manufactured and sold to the public bearing artwork lawfully printed with the Subject Artwork by Plaintiff for its customers. Access is also established by the striking similarity between Plaintiff's Subject Artwork and the corresponding artwork on Defendants', and each of their, Infringing Product.

45. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures and screen prints apparel and/or consumer goods. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments and other consumer goods to said retailers, which garments and other goods infringed the Subject Artworks in that said goods featured unauthorized print design(s) that were identical or substantially similar to the Subject Artworks, or were an illegal derivation or modification thereof.

46. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, willfully and/or knowingly infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Artworks and by producing, distributing and/or selling garments and consumer goods which infringe the Subject Artworks through the Teespring Website.

47. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

48. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

49. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Artworks in an amount to be established at trial.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

51. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in Paragraphs 1 through 41 of this Complaint.

52. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments and consumer goods featuring the Subject Artworks as alleged herein.

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they

had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

54. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her businesses in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

55. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Artworks, in an amount to be established at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

#### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Artworks;

b. That Defendants be required to destroy any and all copies, duplicates and/or reproductions of the Subject Artwork in their possession and to remove such copies from any computer servers in their custody and/or possession;

c. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial,

or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted

Dated: February 24, 2020          By: */s/ Scott Alan Burroughs*
                                     Scott Alan Burroughs, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff